J-S09039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.D.W., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| B.E.W., | |
| Appellant | No. 1555 WDA 2014 |

Appeal from the Order entered August 18, 2014,
in the Court of Common Pleas of Westmoreland County,
Civil Division, at No(s): 1946 of 2013-D

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 16, 2015**

B.E.W. ("Father") appeals from the August 18, 2014 custody order which granted the parties shared legal custody, L.D.W. ("Mother") primary physical custody, and Father partial physical custody, with respect to the parties' biological daughter, A.R.W., born in August of 2006.  Mother has filed a motion to dismiss and quash.  We deny Mother's motion.  Further, we vacate the custody order and remand in accordance with the following decision.

We summarize the pertinent factual and procedural history as follows: A.R.W. was born during the marriage of Father and Mother.  N.T., 7/29/14, at 6.  Mother legally adopted Father's son, H.B.W., born in December of

1997, who resides at the Milton Hershey School.[1] *Id.* at 5-6. In July of 2013, Father and Mother separated. *Id.* at 6. Mother resides in the marital home with A.R.W., and Father resides in the home of his paramour, K.M., and her daughter, S., who is one year older than A.R.W. *Id.* at 70, 73.

On September 18, 2013, Mother filed *pro se* a custody complaint and a separate petition for emergency relief, where she requested primary physical custody of A.R.W. and H.B.W., who were then ages seven and fifteen, respectively. The trial court denied Mother's petition for emergency relief. The court entered a temporary custody order on November 4, 2013, which indicated it would become a final order unless one of the parties filed a praecipe for a pre-trial conference within 30 days.[2] Father filed a praecipe on November 18, 2013. On November 20, 2013, the trial court issued an order scheduling the pre-trial conference for February 11, 2014. Thereafter, the court rescheduled the pre-trial conference for February 18, 2014, due to a conflict in the court's schedule, and again for April 29, 2014, due to bad weather.

---

[1] Mother also adopted Father's daughter, M.W., who was a young adult at the time of the subject proceedings. N.T., 7/29/14, at 6.

[2] The temporary custody order granted Mother primary physical custody of A.R.W., and Father partial physical custody of A.R.W. on alternating weekends and every Tuesday and Thursday evening from 4:00 p.m. until 8:00 p.m. In addition, the order granted the parties shared physical custody of H.B.W. when he is home from boarding school. Further, the order granted the parties shared legal custody of A.R.W. and H.B.W. Order, 11/4/13.

Prior to the pre-trial conference, on February 21, 2014, Mother filed a notice of proposed relocation, and proposed relocating with A.R.W. to Cheswick, in Allegheny County, Pennsylvania, which Mother alleged was less than 20 miles from the marital residence where she was currently living. On March 3, 2014, Father filed a counter-affidavit objecting to the proposed relocation and to modification of the custody order.

Following the pre-trial conference on April 29, 2014, by order dated April 30, 2014, the court issued an *interim* custody order and scheduled the trial on custody and relocation for July 29, 2014. The *interim* order granted Mother primary physical custody of A.R.W., and Father partial physical custody on alternating weekends, from Friday after school until Sunday at 5:00 p.m., and every Tuesday and Thursday after school until 7:30 p.m., *inter alia*. During the summer, the order granted Father partial custody on alternating weekends from Thursday at 5:00 p.m. until Sunday at 5:00 p.m., and during the intervening week, from Wednesday at 2:00 p.m. until Thursday at 9:00 a.m., *inter alia*. The *interim* order was silent with respect to the custody of H.B.W.

At the custody trial on July 29, 2014, the following witnesses testified: Mother; Father; K.M., Father's paramour; and A.R.W., *in camera*. By memorandum and order dated August 18, 2014, the trial court granted the parties shared legal custody of A.R.W., Mother primary physical custody of A.R.W., and Father partial physical custody of A.R.W. on alternating

weekends and every Tuesday and Thursday after school or at 4:00 p.m. if there is no school. The order also set forth a holiday schedule and granted the parties one week of vacation with A.R.W. during the summer. The order was silent with respect to the custody of H.B.W. Further, the order denied Mother's request to relocate with A.R.W. On September 18, 2014, Father filed a notice of appeal and a concise statement of errors complained of on appeal.[3]

On appeal, Father presents the following issues for our review:

1. Did the trial court err as a matter of law by its failure to adhere to Pa.R.C.P. 1915(b)?

2. Did the trial court err as a matter of law by its failure to adhere to to Pa.R.C.P. 1915(c) in that a trial shall be commenced within 90 days of the date the scheduling order is entered?

3. Did the trial court err as a matter of law by its failure to adhere to Pa.R.C.P. 1915(d) in failing to enter and file a decision on the custody trial within 15 days of the date upon which the trial was concluded which was July 29, 2014?

4. Did the Court err as a matter of law in its complete failure to follow the requirements of 23 Pa.C.S.A. [§] 5328(a) factors which requires that each element with 5328(a) be addressed?

---

[3] A notice of appeal must be filed within 30 days after entry of the order from which the appeal is taken. *See* Pa.R.A.P. 903(a); *see also* Pa.R.A.P. 108(b) (designating the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)"). Here, the docket does not include the requisite Rule 236(b) notice. Therefore, the 30-day appeal period never began to run, and Father's appeal is not untimely. *See **Frazier v. City of Philadelphia***, 735 A.2d 113 (Pa. 1999).

5. Did the Court err as a matter of law in its failure to address the matter of the parties' other child, [H.B.W.], who is presently attending a boarding school?

6. Did the trial court abuse[] its discretion and/or err[] as a matter of law in granting Mother's complaint for custody?

7. Did the trial court abuse its discretion in concluding that the child's best interests were better served by placing the child in the primary custody of the Mother when the court clearly stated that "their daughter, [Child], age 8, retains attachment to both parents and speaks candidly about her situation[]"?

8. Did the trial court err as a matter of law by its failure to adhere to the specific law in 23 Pa.C.S.A. [§] 5327(b) which makes it clear that there shall be no presumption that custody should be awarded to a particular parent which clearly has occurred based on the testimony and evidence presented at trial and the Court's statement as above regarding the child's attachment to both parents[?]

Father's Brief at 6-7.[4]

The scope and standard of review in custody matters is as follows.

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

***R.M.G., Jr. v. F.M.G.***, 2009 PA Super 244, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting ***Bovard v. Baker***, 2001 PA Super 126, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

---

[4] We have re-ordered Father's issues for ease of disposition.

[O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

*R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 2006 PA Super 144, 902 A.2d 533, 539 (Pa. Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual wellbeing." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006), *citing Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004).

Initially, we address Mother's "motion to dismiss for lack of jurisdiction and quash for reasons appearing of record" filed on November 10, 2014. By way of background, Father filed an emergency motion for special relief on a date not specified in the record, but sometime between August 18, 2014 and September 5, 2014. In his answer to Mother's motion to dismiss and quash, Father asserts that his emergency motion "was specifically to address

something that the court failed to address in its . . . [August 18, 2014] order."[5]  Answer to Motion to Dismiss, 11/12/14, at ¶ 4.  The trial court deemed Father's emergency motion for special relief a motion for reconsideration, and held a hearing on September 5, 2014.  Trial Court Opinion, 10/9/14; Answer to Motion to Dismiss, 11/12/14, at ¶ 1.  Thereafter, the court issued a new custody order dated September 22, 2014, which it filed on September 25, 2014.[6]

Mother alleges that, pursuant to Pa.R.A.P. 1701, the September 25, 2014 custody order "rendered inoperative the [n]otice of [a]ppeal filed [by Father] on September 18, 2014[,] and it should have been stricken."  Motion to Dismiss, 11/10/14, at ¶ 12.  Mother alleges that Father's appeal should be quashed and dismissed because Father did not file a notice of appeal from the September 25, 2014 order.  *Id.* at ¶ 13.  Likewise, the trial court, in its opinion pursuant to Pa.R.A.P. 1925(a), stated that the instant appeal "was

---

[5] We note that Mother also alleges that, rather than filing the emergency motion for special relief, Father should have filed a motion for post-trial relief pursuant to Pa.R.C.P. 227.1 (Post-Trial Relief).  We reject Mother's assertion because the filing of motion for post-trial relief in this matter is prohibited by Rule 1915.10(d) (providing that, "[n]o motion for post-trial relief may be filed to an order of legal or physical custody").

[6] The September 25, 2014 custody order maintained the custody award of shared legal custody, primary physical custody to Mother, and partial physical custody to Father with respect to A.R.W.  However, the court modified Father's partial custody during the week by granting him custody every Wednesday after school until the beginning of school on Thursday.  In addition, the order directed that A.R.W.'s attendance at Harvest Baptist Academy continue for second grade.

prematurely filed and should be dismissed" because Father "filed an Emergency Petition for Special Relief which was interpreted and heard as a Motion for Reconsideration on September 5, 2014." Trial Court Opinion, 10/9/14. Father responds that the trial court "lost jurisdiction of the custody matter upon the filing of the appeal [on September 18, 2014]"; therefore, the September 25, 2014 custody order "is moot and ineffective and does not require an appeal." Answer to Motion to Dismiss, 11/12/14, at ¶¶ 5-6. Upon careful review, we agree with Father.

This matter is controlled by Pa.R.A.P. 1701, which provides, in relevant part:

**Rule 1701. Effect of Appeal Generally**

**(a) General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal.** After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a

> quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.
>
> A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. . . .
>
> . . .

Pa.R.A.P. 1701(a), (b).

Pursuant to Rule 1701(a), a trial court, generally, "may no longer proceed further" in a matter once an appeal is taken from an order. However, a trial court may proceed further in limited circumstances set forth in the remainder of Rule 1701. At issue in this case is whether the court had the authority to proceed further pursuant to Rule 1701(b)(3)(ii) by "expressly granting" reconsideration of the August 18, 2014 custody order.

Instantly, the certified docket does not include an order indicating that the court "expressly granted" reconsideration. *See **Estate of Haiko v. McGinley***, 799 A.2d 155 (Pa. Super. 2002) (stating that a trial court's order granting reconsideration must state expressly and unequivocally that reconsideration is granted); *see also **Schoff v. Richter***, 562 A.2d 912 (Pa.

J-S09039-15

Super. 1989) (stating that an order granting reconsideration will be effective only if it is made and entered on the docket); **Cheathem v. Temple University Hospital**, 743 A.2d 518, 520 (Pa. Super. 1999) (holding that a motion for reconsideration does not toll the appeal period unless the trial court expressly grants reconsideration within 30 days of the appealable order).

Therefore, contrary to Mother's assertion, because the court did not "expressly grant" reconsideration in this case, the notice of appeal from the August 18, 2014 custody order is not rendered inoperative. It follows that, because a notice of appeal was filed on September 18, 2014, the court lacked jurisdiction to issue the September 25, 2014 custody order. As such, we conclude that the September 25, 2014 order is a nullity, and Father was not required to appeal from it. Accordingly, we deny Mother's motion to dismiss and quash.[7]

Turning to the merits of this appeal, we review Father's first, second, and third issues together, where he argues the trial court erred as a matter

[7] In her motion, Mother also alleges that Father did not timely serve and file a designation of the parts of the record that he intended to reproduce, and he did not timely serve and file the reproduced record. As such, Mother requests dismissal of the appeal pursuant to Pa.R.A.P. 2154 (Designation of Contents of Reproduced Record); 2171 (Method of Reproduction. Separate Brief and Record); 2185 (Service and Filing of Briefs); and 2186 (Service and Filing of Reproduced Record). Mother has not alleged any prejudice, nor does it appear that any occurred, since she filed a brief addressing Father's appeal. Therefore, we decline to dismiss this appeal. **See Williamson v. Williamson**, 586 A.2d 967, 973 (Pa. Super. 1991) (declining to dismiss appeal for failure to comply with appellate rules).

- 10 -

of law by failing to comply with Pa.R.C.P. 1915.4.  These issues involve pure

questions of law.   Therefore, our standard of review is *de novo*, and our

scope of review is plenary.  **Harrell v. Pecynski**, 11 A.3d 1000, 1003 (Pa.

Super. 2011) (citations omitted).

Father invokes the following provisions:

**Rule 1915.4.  Prompt Disposition of Custody Cases**

. . .

**(b) Listing Trials Before the Court.**  Depending upon the procedure in the judicial district, within 180 days of the filing of the complaint either the court shall automatically enter an order scheduling a trial before a judge or a party shall file a praecipe, motion or request for trial, except as otherwise provided in this subdivision.  If it is not the practice of the court to automatically schedule trials and neither party files a praecipe, motion or request for trial within 180 days of filing of the pleading, the court shall, sua sponte or on motion of a party, dismiss the matter unless a party has been granted an extension for good cause shown, or the court finds that dismissal is not in the best interests of the child.  The extension shall not exceed 60 days beyond the 180 day limit.  A further reasonable extension may be granted by the court upon agreement of the parties or when the court finds, on the record, compelling circumstances for a further reasonable extension.  If an extension is granted and, thereafter, neither party files a praecipe, motion or request for trial within the time period allowed by the extension, the court shall, sua sponte or on the motion of a party, dismiss the matter unless the court finds that dismissal is not in the best interests of the child.  A motion to dismiss, pursuant to this rule, shall be filed and served upon the opposing party.  The opposing party shall have 20 days from the date of service to file an objection. If no objection is filed, the court shall dismiss the case.  Prior to a sua sponte dismissal, the court shall notify the parties of an intent to dismiss the case unless an objection is filed within 20 days of the date of the notice.

**(c) Trial.**  Trials before a judge shall commence within 90 days of the date the scheduling order is entered.  Trials and hearings

shall be scheduled to be heard on consecutive days whenever possible but, if not on consecutive days, then the trial or hearing shall be concluded not later than 45 days from commencement.

**(d) Prompt Decisions.**  The judge's decision shall be entered and filed within 15 days of the date upon which the trial is concluded unless, within that time, the court extends the date for such decision by order entered of record showing good cause for the extension.  In no event shall an extension delay the entry of the court's decision more than 45 days after the conclusion of trial.

. . .

Pa.R.C.P. 1915.4(b)–(d).

In his first issue, we understand Father's argument to be that, pursuant to Pa.R.C.P. 1915.4(b), he was entitled to a custody trial within 180 days from September 18, 2013, the date Mother filed the custody complaint.  We disagree.  Rather, it is well-established that a trial court must schedule a trial or a party request a trial within 180 days of the filing of the complaint.  *See Dietrich v. Dietrich*, 923 A.2d 461 (Pa. Super. 2007) (holding that the father's petition for custody was subject to dismissal under Rule 1915.4(b) where the trial court did not schedule the trial, and the parties failed to file a praecipe, motion, or request for trial, within 180 days of the filing of the custody complaint).[8]

---

[8] Notably, ***Dietrich*** involved the application of Rule 1915.4(b) prior to the rule's amendments on July 8, 2010, which became effective on September 6, 2010, and June 25, 2013, which became effective on July 25, 2013.  The Rule, as amended, includes the sentences, as set forth above:

A further reasonable extension may be granted by the court upon agreement of the parties or when the court finds, on the

Here, the 180-day limit to schedule a trial or request a trial expired on March 18, 2014. Pursuant to the local rules of Westmoreland County, on November 18, 2013, Father filed a praecipe for a pre-trial conference, which effectively requested a custody trial. Father filed the praecipe well within the requisite time period. Therefore, the trial court was not required to dismiss the custody action under Rule 1915.4(b). As such, Father's first issue is without merit.

In his second issue, Father argues the court committed an error of law pursuant to Rule 1915.4(c) by not commencing the trial within 90 days of the date the scheduling order was entered. We disagree. Here, the court scheduled the trial for July 29, 2014, which was 90 days after its order of April 30, 2014. Because the record demonstrates that the court complied with Rule 1915.4(c), Father's second issue is likewise without merit.

---

record, compelling circumstances for a further reasonable extension. If an extension is granted and, thereafter, neither party files a praecipe, motion or request for trial within the time period allowed by the extension, the court shall, sua sponte or on the motion of a party, dismiss the matter unless the court finds that dismissal is not in the best interests of the child. A motion to dismiss, pursuant to this rule, shall be filed and served upon the opposing party. The opposing party shall have 20 days from the date of service to file an objection. If no objection is filed, the court shall dismiss the case. Prior to a sua sponte dismissal, the court shall notify the parties of an intent to dismiss the case unless an objection is filed within 20 days of the date of the notice.

Pa.R.C.P. 1915.4(b). As such, the amended rule expands the trial court's discretionary authority to grant a reasonable extension beyond 60 days.

-13-

In his third issue, Father argues the court committed an error of law pursuant to Rule 1915.4(d), by failing to enter and file its decision within 15 days of the date upon which the trial was concluded. The custody trial concluded on July 29, 2014, and the court issued its order 20 days later, on August 18, 2014. Although the court did not issue its order within 15 days of the conclusion of the trial, we note that, in contrast to Rule 1915.4(b), Rule 1915.4(c) and (d) do not mandate dismissal of the matter. In this case, Father does not assert any prejudice by the five-day delay in the issuance of the custody order, and nor does it appear that any occurred. As such, we discern no basis under Rule 1915.4(d) upon which to dismiss the underlying matter, and we conclude that such dismissal would not serve A.R.W.'s best interests. Father's first, second, and third issues on appeal fail.

In his fourth issue, Father argues that the court erred in failing to apply the custody factors set forth in 23 Pa.C.S. § 5328(a). Upon review, we are constrained to agree.

The Child Custody Act ("Act"), 23 Pa.C.S. §§ 5321–5340, is applicable in this case because the custody trial commenced in May of 2014. **See C.R.F. v. S.E.F.**, 45 A.3d 441, 445 (Pa. Super. 2012) (holding that, if the custody evidentiary proceeding commences on or after the effective date of the Act, *i.e.*, January 24, 2011, the provisions of the Act apply). Section 5328 of the Act provides an enumerated list of factors a trial court must

consider in determining the best interests of a child when awarding any form of custody:

### § 5328.  Factors to consider when awarding custody.

(a) *Factors.* – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).[9]

This Court has stated that, "**[a]ll** of the factors listed in section 5328(a) are required to be considered by the trial court when entering a custody order." *J.R.M. v. J.E.A.,* 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). Further:

Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally,

---

[9] The Act was amended, effective January 1, 2014, to include the additional factor at 23 Pa.C.S. § 5328(a)(2.1).

-16-

> "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." *C.B. v. J.B.,* 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013). . . .
>
> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." *M.J.M. v. M.L.G.,* 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, [620 Pa. 710], 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). *Id.*

*A.V.*, 87 A.3d at 822-823.

Instantly, the trial court failed to expressly consider any of the Section 5328(a) custody factors on the record or in the subject memorandum and order. The trial court thus committed an error of law. *See J.R.M.*, *supra*; *A.V.*, *supra*. As such, we remand this matter to the trial court to address the Section 5328(a) custody factors in accordance with the foregoing statutory and case law.

In his fifth issue, Father argues the court erred in failing to fashion a custody order with respect to H.B.W., the parties' son, who was age sixteen at the time of the custody trial. The certified record reveals that H.B.W. is the parties' minor child, of whom Mother requested primary physical custody in her initial custody complaint. Although the testimony at trial focused on A.R.W., the parties presented testimony regarding H.B.W., and Mother never withdrew her custody request regarding him. Indeed, at the conclusion of the trial, the court stated on the record, "[W]e have to provide for [H.B.W.].

[H.B.W.'s] got to have a place to come home to even though he's up at the Milton Hershey School. He's got to have a bedroom to come home to. . . ." N.T., 7/29/14, at 242. Based on our review of the record, we conclude that the court abused its discretion in failing to provide for the custody of H.B.W. in the subject order. As such, we remand this matter to the trial court to fashion a legal and physical custody order with respect to H.B.W.

Accordingly, we vacate the order, and remand this matter to the trial court to consider all of the Section 5328(a) custody factors, with respect to both A.R.W. and H.B.W., on the record or in a written opinion in accordance with the foregoing statutory and case law. Upon remand, the court shall set forth its findings of fact and its determinations regarding credibility and weight of the evidence. The trial court shall thereafter enter a custody order with respect to A.R.W. and H.B.W. as the court deems appropriate.[10]

Order vacated. Case remanded with instructions. Mother's motion to dismiss and quash is denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015

---

[10] Based on this disposition, we need not consider Father's sixth, seventh, and eighth issues on appeal.