J-S58031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| B.N.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| J.A.S. | |
| Appellee | No. 844 MDA 2015 |

Appeal from the Order Entered April 17, 2015
In the Court of Common Pleas of York County
Civil Division at No(s): 2013-FC-000769-03

BEFORE:  GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:            **FILED OCTOBER 06, 2015**

Appellant, B.N.D. ("Mother"), appeals from the order entered in the York County Court of Common Pleas, finding Mother in contempt of the court's May 12, 2014 custody order and imposing sanctions in the form of attorney fees.  We affirm.

The relevant facts and procedural history of this case are as follows. Mother and J.A.S. ("Father") are the biological parents of M.S. and J.S. Mother and Father separated in the spring of 2013.  Following separation, Mother stayed permanently in Ohio with the children, while Father returned to Pennsylvania.  On May 3, 2013, the York County Court of Common Pleas entered an order granting Mother and Father joint legal custody of the children and awarding Mother primary physical custody of the children in Ohio.  Father filed a petition for modification of the custody order on

_____

*Retired Senior Judge assigned to the Superior Court.

September 10, 2013. After a two-day custody trial, the York County court entered a new custody order on May 12, 2014, which, *inter alia*, granted Father physical custody of the children for the February 13, 2015 weekend.

In January of 2015, M.S. made allegations of abuse against Father to her therapist in Ohio. The therapist reported M.S.'s abuse allegations to Fairfield County Child Protective Services ("Fairfield County CPS") in Ohio, who then informed York County Children, Youth and Families ("York County CYF") of the allegations on January 28, 2015. York County CYF conducted an investigation into the abuse allegations in Pennsylvania, which included an interview with Father. On February 11, 2015, Mother informed Father that J.S.' doctor had advised that J.S. not travel that weekend due to an ear infection. Father requested to exercise his custody rights as to M.S. for the February 13, 2015 weekend; however, Mother refused Father's request despite Mother learning on 2/12/15, from a York County CYF caseworker that M.S.' abuse allegations were unfounded.

On March 13, 2015, Mother filed a motion for an emergency *ex parte* order in Ohio, asking the Ohio court to suspend Father's custody rights and grant Mother sole custody of the children based on M.S.' abuse allegations. On March 18, 2015, Father filed a petition in York County, asking the court to hold Mother in contempt of the May 12, 2014 custody order, for not allowing him to have custody of M.S. during the February 13, 2015 weekend. On March 24, 2015, following a hearing, the Ohio court entered an emergency *ex parte* order, temporarily suspending Father's custody

- 2 -

rights until April 23, 2015. With respect to the contempt action in York County, Mother filed a motion for change of venue based on *forum non conveniens* on April 6, 2015. On April 16, 2015, the York County court denied Mother's motion for change of venue, after a hearing. On April 17, 2015, the York County court held a hearing on Father's contempt petition, found Mother in contempt of the court's May 12, 2014 custody order, and ordered Mother to pay Father $850.00 for attorney fees incurred. Mother filed a timely notice of appeal and Rule 1925(b) statement of errors complained of on appeal on May 13, 2015.[1]

Mother raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR *FORUM NON CONVENIENS* AND CHANGE OF VENUE WITH RESPECT TO APPELLEE'S MOTION FOR CONTEMPT CONTRARY TO 23 PA.C.S.A. § 5427?

> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN FINDING APPELLANT

---

[1] Civil contempt orders imposing sanctions for non-compliance with a prior court order generally constitute final, appealable orders. **Stahl v. Redcay**, 897 A.2d 478, 487 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007) (citing **Lachat v. Hinchliffe**, 769 A.2d 481, 488 (Pa.Super. 2001) (stating civil contempt paired with sanctions constitutes final, appealable order). "Ordinarily, an adjudication of contempt, with a directive to specifically perform, without sanctions, is interlocutory and not appealable." **Richardson v. Richardson**, 774 A.2d 1267, 1268 n.2 (Pa.Super. 2001). The imposition of attorney fees related to contempt proceedings constitutes a sanction for purposes of this rule of appealability. **Rhoades v. Pryce**, 874 A.2d 148, 153 (Pa.Super. 2005) (*en banc*), *appeal denied*, 587 Pa. 724, 899 A.2d 1124 (2006).

IN CONTEMPT OF THE CUSTODY ORDER AFTER TRIAL DATED MAY 12, 2014?

(Mother's Brief at 4).

Our standard of review for a civil contempt order is as follows:

> When considering an appeal from an [o]rder holding a party in contempt for failure to comply with a court [o]rder, our scope of review is narrow: we will reverse only upon a showing the [trial] court abused its discretion. The [trial] court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. To be in contempt, a party must have violated a court [o]rder, and the complaining party must satisfy that burden by a preponderance of the evidence.

*Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa.Super. 2009) (internal citations omitted); *Mrozek v. James*, 780 A.2d 670, 673 (Pa.Super. 2001) (stating same). Additionally, this Court has stated:

> Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling into disrepute. When reviewing an appeal from a contempt order, the [appellate] court must place great reliance upon the discretion of the trial judge.

*Langendorfer v. Spearman*, 797 A.2d 303, 307 (Pa.Super. 2002).

Section 5323 of the Pennsylvania Code governs punishment for contempt in custody actions as follows:

**§ 5323. Award of custody**

\* \* \*

**(g) Contempt for noncompliance with any custody order.—**

(1) A party who willfully fails to comply with any custody order may, as prescribed by general rule, be adjudged in contempt. Contempt shall be punishable by any one or more of the following:

(i) Imprisonment for a period of not more than six months.

(ii) A fine of not more than $500.

(iii) Probation for a period of not more than six months.

(iv) An order for nonrenewal, suspension, or denial of operating privilege under section 4355 (relating to denial or suspension of licenses).

(v) Counsel fees and costs.

(2) An order committing an individual to jail under this section shall specify the condition which, when fulfilled, will result in the release of that individual.

23 Pa.C.S.A. § 5323(g). To sustain a finding of civil contempt involving a custody order, this Court has stated:

[T]he complainant must prove certain distinct elements by a preponderance of the evidence: (1) that the contemnor had notice of the specific order or decree which she is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent.

**Harcar, supra** at 1235. An alleged contemnor must have the opportunity to explain her non-compliance with the court order, as intent is an essential element of contempt. **Nemeth v. Nemeth**, 451 A.2d 1384, 1387 (Pa.Super. 1982).

Our standard of review of the denial of a motion for change of venue

based on *forum non conveniens* is as follows:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

*M.E.V. v. R.D.V.*, 57 A.3d 126, 129 (Pa.Super. 2012). Section 5427 of the Pennsylvania Code sets for the law applicable to an inconvenient forum finding as follows:

### § 5427. Inconvenient forum

**(a) General rule.**—A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion or request of another court.

**(b) Factors.**—Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

> (1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

> (2) the length of time the child has resided outside this Commonwealth;

(3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427(a)-(b).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gregory M. Snyder, we conclude Appellant's issues on appeal merit no relief. The trial court opinion comprehensively discusses and properly disposes of those questions. (*See* Trial Court Opinion, filed June 12, 2015, at 2-6) (finding: **(1)** court considered all eight factors contained in Section 5427 of Pennsylvania Code to determine whether York County was inconvenient forum, noting: with respect to first factor, alleged abuse of M.S. occurred in York County and, after investigation, York County CYF determined allegations were unfounded; with respect to second factor, fact that children live with Mother in Ohio weighs slightly in favor of Mother's request that

Ohio court hear contempt matter; with respect to third factor, distance between York County court and Ohio court, is between six and seven hours by car, which is not inordinately long and does not have much impact on where contempt matter should be decided; with respect to fourth factor, while Father's financial circumstances are better than Mother's, this has not inhibited Mother's ability to participate in contempt matter as demonstrated by private counsel representing Mother in proceedings; with respect to fifth factor, Mother and Father had no agreement regarding jurisdiction or venue; with respect to sixth factor, Mother failed to convince court it would be impossible or difficult to present evidence in York County as Father agreed to Mother presenting evidence via telephone; with respect to seventh factor, contempt matters are given high priority in Pennsylvania and Mother presented no evidence on Ohio court's ability to decide contempt matter expeditiously; and with respect to eighth factor, York County court is more familiar with underlying custody matter because it issued original custody order, and proceeding in Ohio court focused on abuse allegations, not custodial relationship between Mother and Father; therefore, upon consideration of factors contained in Section 5427 of Pennsylvania Code, York County was proper venue for contempt matter; **(2)** Father was entitled to partial custody of children for three-day weekend beginning on February 13, 2015; Mother admitted she refused to allow Father to exercise his custody rights on those dates; Mother conceded she knew abuse allegations

were unfounded because of phone call from CYF caseworker on February 12, 2015, yet she told Father he could not have custody of children; Mother presented no evidence to support her claim that Father and his girlfriend violated the May 12, 2014 custody order by blowing smoke in children's faces; Father expressed to Mother that he still wanted to exercise his custody rights as to M.S. despite J.S.' ear infection, but Mother refused to let Father do so; therefore, Mother willfully violated custody order with respect to M.S. during February 13, 2015 weekend). Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015