562 A.2d 912

**Nancy J. SCHOFF, Appellant,**

v.

**Carl RICHTER, Appellee.**

Superior Court of Pennsylvania.

Argued June 7, 1989.

Filed Aug. 14, 1989.

Carolann A. Young, Asst. Dist. Atty., Somerset, for Schoff, appellant.

Jon A. Barkman, Somerset, for appellee.

Before CAVANAUGH, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This appeal has been taken from an order entered by the trial court which affirmed an earlier order directing Appellee to provide $300.00 per month for the support of his three children. Upon review we find that this appeal must be quashed.

Subsequent to the filing of a Complaint for support, a conference was held and a hearing officer recommended that Appellee be required to pay $300 per month for the support of his three children. The parties were given ten days to file a written demand for a hearing before the court to review this recommended order. Such a demand was made, a hearing was held on the demand and on September 2, 1988, the court entered an order establishing Appellee's support obligation at $300 per month, which affirmed the earlier recommended order.

The record indicates that an appeal was not taken from this order. Sometime after the filing of the September 2, 1988 order Appellant petitioned the court to reconsider its order, however this petition is absent from the record. Appellant apparently sought to have the September 2, 1988 order reconsidered in light of additional documentation of the parties' income and expenses. *See:* Memorandum Opinion 11/18/88 at 1, and N.T. 10/14/88 at 1–4. Also filed with the court was a Petition to Modify or Terminate Support Order. This petition made by Appellee did not seek reconsideration, as did Appellant's petition, rather, it requested a modification of the earlier order due to a change in circumstances. On October 14, 1988, more than 30 days after entry of the September 2, 1988 order, the court expressly

granted Appellant's motion for reconsideration and ordered a hearing. The court declined to consider Appellee's petition for reduction at that time. After reconsideration the court again affirmed its earlier orders by stating:

AND NOW, this 18th day of NOVEMBER, 1988, consistent with the foregoing Memorandum, our Orders of March 11, 1988 and September 2, 1988 establishing Defendant's support obligation at $300.00 per month for the support of three children are hereby affirmed.

The effect which an application for reconsideration will have on the appeal process is addressed in Pa.R.A.P., Rule 1701. This rule tolls the time for taking an appeal only when the court files "an order expressly granting reconsideration ... within the time prescribed by these rules for the filing of a notice of appeal." Phrased differently the trial court is permitted to grant reconsideration only if such action is taken during the applicable appeal period. An order granting reconsideration will only be effective if it is made and entered on the docket before expiration of the applicable appeal period, 30 days from the entry of the order which is the subject of the reconsideration motion, and if it states that it is *expressly granting reconsideration.* It should be emphasized that the Rule requires reconsideration to be expressly granted. It is insufficient for the trial court to merely set a hearing date on the reconsideration motion or issue a Rule to Show Cause. Failure to "expressly" grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration. *See:* Note following Pa.R.A.P. 1701.

In the instant case the court entered a final appealable order on September 2, 1988. No appeal from this order was filed. A petition to reconsider the September order was made before the trial court seeking to supplement information previously presented to the court. *Contrast: Fortune/Forsythe v. Fortune,* 352 Pa.Super. 547, 508 A.2d 1205 (1986) (where it was determined that court had entered an order on a petition for modification of support alleging a change in financial conditions, which was final and appeal-

able, rather than on a petition for reconsideration)  After the 30 day appeal period had expired the court entered an order dated October 14, 1988 granting the request to reconsider.  Had the court expressly granted reconsideration within thirty days of the September 2, 1988 order, the time for filing a notice of appeal would have begun to run anew after entry of the decision on reconsideration.  This would be true regardless of whether or not the court's decision amounted to a reaffirmation of its prior determination. Pa.R.A.P. 1701(b)(3)(ii).

However, in this case reconsideration was not granted within the appeal period and the trial court became powerless to act upon the petition.  Furthermore, Appellant failed to file an appeal from the September 2, 1988 order along with her motion to reconsider which would have preserved her appellate rights in the event the trial court neglected to act on the reconsideration petition within the 30 day appeal period.  Since reconsideration was not expressly granted within 30 days from the court's September 2nd order and since an appeal was not filed within thirty days of this order, the instant appeal, filed December 8, 1988 from the court's decision on reconsideration, must be quashed.

Appeal quashed.