J. S35005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
VICTOR HOLLINGSWORTH, : No. 642 EDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, July 18, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013796-2012


BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND MUSMANNO, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 25, 2016**

Victor Hollingsworth appeals from the July 18, 2014 judgment of sentence of the Court of Common Pleas of Philadelphia County following his conviction of robbery and criminal conspiracy to commit robbery.[1] We quash the appeal as untimely.

A jury convicted appellant on May 15, 2014. On July 18, 2014, the trial court sentenced appellant to an aggregate term of 69 to 180 months' imprisonment. Appellant filed a post-sentence motion on July 28, 2014, which was denied by the trial court on December 29, 2014. On December 31, 2014, appellant filed a motion to reconsider, for which the trial court granted a hearing. The trial court held a hearing and denied

---

[1] 18 Pa.C.S.A. §§ 3701 and 903, respectively.

appellant's motion on February 5, 2015. Appellant filed a notice of appeal on February 6, 2015. On February 12, 2015, the trial court ordered appellant to produce a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant complied with the trial court's order on February 27, 2015. On June 25, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). This court, on March 30, 2015, issued a rule to show cause instructing appellant to show cause why the instant appeal should not be quashed as untimely. Appellant responded on April 7, 2015. On May 5, 2015, this court issued an order discharging the rule to show cause, deferring the issue to this panel.

Appellant raises the following issues for our review:

1. Was the evidence sufficient as a matter of law to convict [appellant] of taking property from the complainant either by force or by threat of force, or of being a member of a conspiracy to take property from the complainant either by force or by threat of force?

2. Was the verdict against the weight of the evidence?

Appellant's brief at 5.

Before we can consider appellant's issues on the merits, we must first determine whether we have jurisdiction to do so. While neither party raised a jurisdictional issue, we may review jurisdiction **sua sponte**. **Commonwealth v. Valentine**, 928 A.2d 346, 349 (Pa.Super. 2007), citing **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa.Super. 2001).

> It is well-settled that, upon the filing of a motion for reconsideration, a trial court's action in granting a rule to show cause and setting a hearing date is insufficient to toll the appeal period. **Valentine v. Wroten**, 397 Pa.Super. 526, 580 A.2d 757 (1990). Rather, the trial court must expressly grant reconsideration within thirty days of entry of its order. Pa.R.A.P. 1701. "Failure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration." **Schoff v. Richter**, 386 Pa.Super. 289, 562 A.2d 912, 913 (1989); **Cheathem v. Temple University Hospital**, 743 A.2d 518 (Pa.Super. 1999). "Therefore, as the comment to Pa.R.A.P. 1701 explains, although a party may petition the court for reconsideration, the simultaneous filing of a notice of appeal is necessary to preserve appellate rights in the event that either the trial court fails to grant the petition expressly within 30 days, or it denies the petition." [**Valley Forge Center v. Rib It/K.P., Inc.**, 693 A.2d 242, 245 (Pa.Super. 1997)]. Moreover, we have consistently held that an appeal from an order denying reconsideration is improper and untimely. **Valentine**, **supra**.

**Commonwealth v. Moir**, 766 A.2d 1253, 1254 (Pa.Super. 2000).

Here, in response to this court's order to show cause, appellant's counsel avers that when denying the post-sentence motions on December 29, 2014, the trial court told him that a hearing would be granted upon the filing of a "Motion for Reconsideration of the Denial of Post-Sentence Motions." The Commonwealth did not respond to our rule to show cause, nor did it raise any objection to the timeliness of the instant appeal.

"[I]n similar situations, we have declined to quash the appeal recognizing that the problem arose as a result of the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation." *Coolbaugh*, 770 A.2d at 791, citing *Commonwealth v. Anwyll*, 482 A.2d 656, 657 (Pa.Super. 1984) ("finding that although appeal was untimely, where defendant's failure to appeal on time appeared to be the result of a breakdown in operation of trial court, which gave erroneous information as to appeal period, appeal would not be quashed as untimely but would be regarded as though filed *nunc pro tunc* and considered on the merits").

The record in the instant case does not indicate that the trial court provided erroneous information to appellant's counsel regarding the appeal period, nor does the record indicate that a breakdown in the court's operation took place. As noted by the *Moir* court, setting a hearing date for a motion to reconsider is not sufficient to toll the period to file a notice of appeal. We, therefore, quash the instant appeal as untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2016

- 4 -