J-S37034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ISABEL MANZO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS A. MANZO SR., | : | |
| | : | |
| Appellant | : | No. 3888 EDA 2017 |

Appeal from the Order Entered October 30, 2017
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. 892 DR 1990,
No. 91005-C-2015

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 13, 2018**

Thomas A. Manzo Sr. ("Husband") appeals from the order entered in the Court of Common Pleas of Monroe County finding him in contempt and directing him, *inter alia*, to pay as a sanction $1,500.00 in counsel fees for Isabel Manzo ("Wife").  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Husband and Wife were married on January 10, 1971, and on October 24, 1990, Wife filed a complaint in divorce in which she sought alimony and equitable distribution of the parties' marital estate.  The trial court entered a divorce decree on August 20, 1992, and the parties entered into a stipulated settlement agreement as it pertained to the economic claims.  Relevantly, the parties' settlement agreement provided that: "When [Husband] begins to collect social security, 20% of that will go to [Wife].  When he begins to collect his pension,

_____
*   Former Justice specially assigned to the Superior Court.

25% of that will go to [Wife]." Parties' Stipulated Settlement Agreement, filed 8/20/92, at 1-2.

Subsequently, on November 9, 2015, Wife filed her first petition for contempt indicating that, by letter dated August 18, 2014, she received notice from the New York City Employees Retirement System ("NYCERS") that Husband retired in August of 2001.[1] The letter advised Wife that NYCERS could not "implement [the] division of benefits until it [was] in receipt of a 'Consent to New York Jurisdiction and Release' signed by [Husband]." Wife's Petition for Contempt, filed 11/9/15, Exhibit B. She averred that, despite the parties' stipulated settlement agreement, she had not received any portion of Husband's social security benefits or pension.

On December 1, 2015, Husband filed an answer with new matter to Wife's first petition for contempt, and Wife filed a reply. Following a hearing, the trial court entered an order on September 26, 2016, finding Husband to be in contempt of the parties' stipulated settlement agreement and determining the amount of arrears to be $142,938.58. Trial Court Order, filed 9/26/16. The trial court indicated:

> [Husband] may purge himself of this contempt by cooperating within thirty (30) days in the preparation and signing of an approved Qualified Domestic Relations Order (QDRO) regarding his [] pension authorizing payment to [Wife] in an amount equal to 75 percent of the monthly pension benefit.

---

[1] The trial court found that Husband's "pension went into pay status in 2002, while his social security went into pay status in 2012." Trial Court Pa.R.A.P. 1925(a) opinion, filed 1/2/18, at 2.

> [Husband] shall consent to New York jurisdiction to facilitate implementation of the QDRO.
>
> [Husband] is further directed to obtain and maintain an insurance policy naming [Wife] as beneficiary, in an amount sufficient to cover the balance of the calculated arrears ($142,938.58) due. The face value of said policy may be adjusted periodically to reflect payments made.
>
> In the event [Husband] fails to purge himself of the contempt by complying with the terms of this Order, upon motion of [Wife], a hearing will be scheduled to determine the imposition of sanctions.

Trial Court Order, filed 9/26/16, at 1-2.

On October 5, 2016, Husband filed a motion for reconsideration, and on October 25, 2016, he filed a notice of appeal to this Court. The trial court denied Husband's motion for reconsideration, and by order filed on January 6, 2017, this Court quashed Husband's appeal on the basis it was taken from a non-appealable interlocutory order. *See Manzo v. Manzo*, EDA 3532 EDA 2016 (Pa.Super. filed 1/6/17) (*per curiam* order).

On January 20, 2017, Husband filed a second motion for reconsideration wherein he averred that "in order to survive [he] could only afford to pay [Wife] fifty (50%) percent of his pension." Husband's Second Motion for Reconsideration, filed 1/20/17, at 3. On February 10, 2017, Wife filed a second petition for contempt. Therein, she averred Husband failed to execute the QDRO, sign a consent/release of jurisdiction, or obtain/maintain the required life insurance.

On March 3, 2017, Husband filed an answer to Wife's second petition for contempt, and the matter proceeded to a hearing on April 3, 2017. Following

- 3 -

the hearing, by order entered on April 7, 2017, the trial court granted Husband's second motion for reconsideration, vacated the order filed on September 26, 2016, and denied Wife's second petition for contempt filed on February 10, 2017. However, the trial court granted Wife's first petition for contempt filed on November 9, 2015, and again determined the amount of arrears to be $142,938.58. Trial Court Order, filed 4/7/17, at 1. The trial court indicated Husband could purge himself of the contempt by doing the following within thirty days:

   a. Cooperate in the preparation and signing of an approved Qualified Domestic Relations Order (QDRO) regarding his [] pension authorizing payment to [Wife] in an amount equal to fifty-percent (50%) of the monthly pension benefit. [Husband] shall consent to New York jurisdiction to facilitate implementation of the QDRO.

   b. [Husband] shall obtain and maintain an insurance policy, naming [Wife] as beneficiary, in an amount sufficient to cover the balance of the calculated arrears ($142,938.58) due. The face value of said policy may be adjusted periodically to reflect payments made.

   c. [Husband] shall facilitate the authorization of payment to [Wife] in the amount of twenty-percent (20%) of his monthly social security benefit.

   In the event [Husband] fails to purge himself of the contempt by complying with the terms of this order, upon motion of [Wife], a hearing will be scheduled to determine the imposition of sanctions.

Trial Court Order, filed 4/7/17, at 2.

On May 8, 2017, Husband filed a notice of appeal to this Court, and on May 31, 2017, the trial court directed Husband to file a concise statement pursuant to Pa.R.A.P. 1925(b). On June 21, 2017, Husband filed a court-

ordered Pa.R.A.P. 1925(b) statement. By order filed on June 26, 2017, this Court held:

> The April 7, [2017] order is not appealable.
>
> The April 7, [2017] order, in part, grants [Husband's] second motion for reconsideration and vacates the trial court's September 20, 2016 order. The trial court was without jurisdiction to grant this motion and vacate its September 20, 2016 order. Indeed, on January 20, 2017, [Husband] filed his second motion for reconsideration from the September 20, 2016 order. [Husband's] motion for reconsideration was untimely. **_See_** [Pa.R.A.P.] 1701(b)(3) (a petition for reconsideration must be filed within 30 days of the entry of the underlying order). Instantly, [Husband's] second motion for reconsideration was filed well beyond the 30-day period of the entry of the September 20, 2016 order. Thus, the trial court was without jurisdiction to consider [Husband's] second motion for reconsideration of the September 20, 2016 order and this Court is without jurisdiction over this matter. **_See Schoff v. Richter_**, 562 A.2d 912 (Pa.Super. 1989) (the trial court is permitted to grant reconsideration only if such action is taken during the applicable appeal period. An order granting reconsideration will only be effective if it is made and entered on the docket before expiration of the applicable appeal period, 30 days from the entry of the order which is the subject of the reconsideration motion, and if it states that it is expressly granting reconsideration. It should be emphasized that the Rule requires reconsideration to be expressly granted. It is insufficient for the trial court to merely set a hearing date on the reconsideration motion or issue a rule to show cause. Indeed a failure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration).
>
> Furthermore, the April 7, [2017] order, in part, grants [Husband's] petition for contempt but it appears that sanctions were not awarded. Instead, it appears that [Husband] was directed to specifically perform pursuant to the parties' stipulation incorporated into the final divorce decree. . . .Indeed, the April 7, [2017] order states that '[i]n the event [Husband] fails to purge himself of the contempt by complying with the terms of this order, upon motion of [Wife], a hearing will be scheduled to determine the imposition of sanctions.'
>
> Accordingly, the [instant] appeal is hereby QUASHED.

***Manzo v. Manzo***, 1576 EDA 2017 (Pa.Super. filed 6/26/17) (*per curiam*
order) (emphasis and citations omitted).

On June 26, 2017, Wife filed her third petition for contempt wherein she
averred Husband failed to execute a QDRO, sign a consent/release of
jurisdiction for New York, or obtain/maintain life insurance with Wife as the
beneficiary. Wife noted she incurred attorney's fees of $8,244.55 in her
attempt to enforce the parties' stipulated settlement agreement, and she
requested the trial court direct Husband to pay her attorney's fees.

Husband filed an answer to Wife's petition for contempt. Following a
hearing on October 17, 2017, the trial court granted Wife's June 26, 2017,
petition for contempt. Specifically, the trial court found that Husband willfully
failed to make payments as required by the parties' stipulated settlement
agreement, despite his ability to do so. Trial Court Order, filed 10/30/17, at
1. The trial court determined "[t]he amount of arrears is. . .$142,938.58."
***Id.*** The trial court held that Husband could purge himself by doing the
following within fifteen days of the order:

> a. Cooperate in the preparation and signing of an approved
> Qualified Domestic Relations Order (QDRO) regarding his []
> pension authorizing payment to [Wife] in an amount equal to
> fifty-percent (50%) of the monthly pension benefit. [Husband]
> shall consent to New York jurisdiction to facilitate
> implementation of the QDRO.
>
> b. [Husband] shall obtain and maintain an insurance policy,
> naming [Wife] as beneficiary, in an amount sufficient to cover
> the balance of the calculated arrears ($142,938.58) due. The
> face value of said policy may be adjusted periodically to reflect
> payments made.

c. [Husband] shall facilitate the authorization of payment to [Wife] in the amount of twenty-percent (20%) of his monthly social security benefit.

Trial Court Order, filed 10/30/17, at 1-2.

The trial court noted the parties stipulated that the Social Security Administration would distribute directly to Wife twenty percent of Husband's monthly social security benefit, and the trial court expressly adopted the stipulation. *Id.* at 2. As a sanction against Husband for his contempt, the trial court granted Wife attorney's fees in the amount of $1,500.00.[2] *Id.*

Husband timely appealed to this Court,[3] and by order filed on November 21, 2017, the trial court directed Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. The trial court's order complied fully with Pa.R.A.P. 1925. Specifically, the order informed Husband that he was required to file his concise statement within twenty-one days from the date of the order, he was required to file a copy of the statement of record, and he was required to serve a copy of the statement on the trial judge. *See* Pa.R.A.P. 1925(b)(3)(i)-(iii). Further, the order specifically informed Husband

_____

[2] On October 25, 2017, the parties signed a QDRO with regard to Husband's pension, and thereafter, the trial court accepted and filed the QDRO.

[3] We conclude the trial court's October 30, 2017, order, which imposed counsel fees against Husband as a sanction for his contempt, was appealable. *See* ***Rhoades v. Pryce***, 874 A.2d 148 (Pa.Super. 1988) (*en banc*) (holding an award of counsel fees is a sufficient sanction to render the contempt order appealable).

that "any issue not properly included in the Statement timely filed and served pursuant to [Rule 1925](b) shall be deemed waived." Trial Court Order, filed 11/21/17; Pa.R.A.P. 1925(b)(3)(iv). The concise statement order was properly docketed, and a notation on the docket, as well as an affidavit of service, indicates that the order was served on Husband's counsel via first class mail on November 27, 2017.

However, thereafter, the record contains neither a Rule 1925(b) statement nor a docket entry indicating Husband filed a Rule 1925(b) statement in response to the trial court's November 21, 2017, order. Further, it appears Husband did not serve a copy of a Rule 1925(b) statement upon the trial court judge in response to the trial court's November 21, 2017, order. In this vein, we note the trial court filed a Rule 1925(a) opinion on January 2, 2018; however, in its opinion, although the trial court sets forth four appellate issues on behalf of Husband, the trial court does not indicate that Husband served a copy of a Rule 1925(b) statement upon the trial court judge in relation to the within appeal. Rather, the trial court surmised what issues Husband intended to raise based on the issues presented in his answer and new matter to Wife's first petition for contempt, as well as his Rule 1925(b) statement filed on June 21, 2017, with regard to his appeal from the April 7, 2017, order (which this Court quashed). Moreover, we note that Husband attached to his instant appellate brief the Rule 1925(b) statement, which he filed on June 21, 2017, with regard to his prior appeal, which we quashed.

As indicated *supra*, as it relates to Husband's instant appeal, Husband failed to file of record or serve upon the trial court judge a concise statement in response to the trial court's November 21, 2017, Rule 1925(b) order. It is well-settled that "Rule 1925 is intended to aid trial judges in identifying and focusing upon issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Ray**, 134 A.3d 1109, 1114 (Pa.Super. 2016) (citation omitted). **See Kanter v. Epstein**, 866 A.2d 394 (Pa.Super. 2004) (holding that, even where the trial court "guesses" correctly as to the issues to be raised on appeal and writes an opinion, the issues may still be waived under Rule 1925(b)). Here, the trial court was required to "guess" as to what issues Husband intended to raise based on his past filings in the trial court. Thus, we conclude Husband has waived his claims for appellate review, and we affirm on this basis.[4] **See Dong Yuan Chen v. Saidi**, 100 A.3d 587 (Pa.Super. 2014) (indicating Pa.R.A.P. 1925 governing statements of matters complained of on appeal sets out simple bright-line rule, which obligates the

---

[4] Assuming, *arguendo*, Husband served a copy of a Rule 1925(b) statement upon the trial court judge in response to the court's November 21, 2017, order, we note Pa.R.A.P. 1925 requires **both** service upon the trial court judge **and** the filing of the statement of record. Here, there is no evidence Husband filed a statement of record in response to the trial court's November 21, 2017, order, and, therefore, his appellate issues are waived on this basis alone. **See** Pa.R.A.P. 1925.

appellant to file and serve a statement, when so ordered; any issues not raised in such statement will be deemed waived).

Affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *7/13/2018*