IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jasin Marth,                            :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :    No. 359 C.D. 2019
                    Respondent          :    Submitted: October 4, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON              FILED: February 7, 2020


            Jasin Marth (Claimant), *pro se*, petitions for review of the February 26,

2019 order of the Unemployment Compensation Board of Review (Board) reversing

the referee's grant of unemployment compensation benefits (benefits), finding

instead that Claimant is ineligible for benefits under Section 402(b) of the

Pennsylvania Unemployment Compensation Law (Law)[1] for voluntarily quitting his

employment without cause of a necessitous and compelling nature. Upon review,

we vacate and remand.

            Claimant worked for Integrity Staffing Solutions (Employer) as a

warehouse associate at the site of its client, Amazon.com, from November 5, 2017

_____

[1] Section 402(b) of the Law provides that "[a]n employe shall be ineligible for
compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work
without cause of a necessitous and compelling nature." Act of December 5, 1936, Second Ex.
Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

to June 12, 2018, his last day of work. Board's Decision & Order 2/26/19 at 1, Finding of Fact (F.F.) 1. On June 20, 2018, Claimant called Employer and resigned due to "family issues." F.F. 2-3. Claimant applied for benefits, which the Unemployment Compensation (UC) Service Center granted, deeming Claimant not ineligible under Sections 3 and 402(e) of the Law.[2] UC Service Center Notice of Determination, Certified Record (C.R.) at 29.[3] Employer appealed, and a referee conducted a hearing on October 29, 2018. Petition for Appeal at 1, C.R. at 32; Transcript of Testimony (T.T.), 10/29/18, C.R. at 101. Claimant failed to appear at the hearing. T.T., 10/29/18 at 1, C.R. at 102. Laurie Bottoni-Lorenz (Lorenz), a human resources (HR) specialist for Employer, testified that Claimant did not work after June 12, 2018 and that Claimant telephoned the shift manager and resigned his position due to family issues on June 20, 2018. T.T., 10/29/18 at 2 & 4-5, C.R. at 103 & 105-06. The referee affirmed the UC Service Center's grant of benefits, concluding that Claimant was not ineligible under either Section 402(e) or Section 3 of the Law. Referee's Decision & Order at 2, C.R. at 116.

Employer appealed, and the Board remanded the matter to the referee, as hearing officer for the Board, to conduct another hearing in order "to put at issue Section 402(b) of the Law, . . . along with Section 3 and Section 402(e)[.]" Board's Hearing Order 1/9/19, C.R. at 128. The referee conducted a second hearing on

---

[2] Section 3 of the Law, 43 P.S. § 752, "is used to disqualify claimants for *non-work-related misconduct* which is inconsistent with acceptable standards of behavior and which directly affects the claimant's ability to perform his assigned duties." *See Burger v. Unemployment Comp. Bd. of Review*, 801 A.2d 487, 491 (Pa. 2002) (quoting *Se. Pa. Transp. Auth. v. Unemployment Comp. Bd. of Review*, 506 A.2d 974, 977 (Pa Cmwlth. 1986)). Section 402(e) of the Law provides that "[a]n employe shall be ineligible for compensation for any week . . . in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e).

[3] Our citations to the Certified Record reference the page numbers of the PDF document, as the record is not paginated.

2

January 28, 2019 and permitted Claimant to participate in the remand hearing by telephone. T.T., 1/28/19 at 1-3, C.R. at 142-44. Claimant testified that he had "been living in Florida for three to four months." T.T., 1/28/19 at 5, C.R. at 146. Claimant disputed that he voluntarily quit his job. T.T., 1/28/19 at 6-7, C.R. at 147-48. Claimant explained that he was absent from work because he had to fly to Florida for a death in the family and that he reported his absence to Employer through its app. T.T., 1/28/19 at 6-7 & 9, C.R. at 147-48 & 150. Claimant further testified that he read Employer's statement from the prior hearing and that, contrary to Employer's testimony, he was not asked if he wanted to quit or leave the job. T.T. at 6, C.R. at 147. Rather, Claimant stated he received a call from Employer's representative at approximately 9:00 p.m. the evening he returned from Florida. *Id.* Claimant explained that he stated during the call: "I know your procedure. You release people, because I had to fly out of the state for a death in the family, and I said I understand you have to let me go. And that's what [Employer's representative] said. Okay, you understand you're let go?" T.T., 1/28/19 at 6-7, C.R. at 147-48. Lorenz again testified on behalf of Employer. T.T., 1/28/19 at 1, C.R. at 142.

Upon review, the Board reversed the referee's decision, finding Claimant ineligible for benefits pursuant to Section 402(b) of the Law. Board's Decision and Order 2/26/19 at 2-3, C.R. at 158-59. The Board noted that "[i]t is unclear why . . . [C]laimant did not participate at the first hearing[,]" during which "the [r]eferee attempted to contact [him] on the telephone." Board's Decision & Order 2/26/19 at 2, C.R. at 158. The Board concluded that "[b]ecause . . . [C]laimant did not establish [at the second hearing] why he did not participate in the first hearing, the testimony at the second hearing will not be considered." *Id.* The Board determined that competent record evidence supported that Claimant resigned his job

3

by telephone due to family issues. *Id.* Having determined that Claimant voluntarily quit, the Board stated that "the appropriate section to rule under[]" was Section 402(b) of the Law. *Id.* The Board concluded that Claimant was ineligible for benefits under Section 402(b) of the Law, finding that Claimant failed to offer competent evidence as to why he quit. *Id.* The Board noted that domestic, filial and marital reasons for quitting do not provide not necessitous and compelling cause as a matter of law. *Id.*

Thereafter, Claimant submitted to the Board a request for reconsideration of the Board's February 26, 2019 decision and order, and he also petitioned this Court for review of that decision and order. *See* Request for Reconsideration, C.R. at 163; Petition for Review, 3/25/19. In response to the request for reconsideration, the Board issued an order, dated March 27, 2019, purporting to vacate its February 26, 2019 decision and order, grant reconsideration, and "reopen[]" the matter "to consider the testimony offered at both hearings." *See* Board's Order 3/27/19, C.R. at 168. On April 15, 2019, the Board purported to issue a new decision and order, again denying Claimant benefits on the grounds that he voluntarily quit his employment without necessitous and compelling cause. Board's Decision & Order 4/15/19 at 1-3, C.R. at 172-75.

The Board also filed an application to quash Claimant's petition for review, arguing that it had granted Claimant's request for reconsideration and had vacated its February 26, 2019 order, thereby rendering Claimant's petition for review inoperative in accordance with Pennsylvania Rule of Appellate Procedure 1701(b)(3). *See* Application to Quash, 7/9/19. By order dated August 12, 2019, this Court determined that the Board's March 27, 2019 order did not "expressly grant reconsideration," as required by Pennsylvania Rule of Appellate Procedure

4

1701(b)(3), and therefore, we denied the Board's application to quash. Cmwlth. Ct. Order, 8/12/19.

Because the Board did not expressly grant reconsideration, the Board lost the power to act on Claimant's application for reconsideration. *See* Pa.R.A.P. 1701(b)(3), Note (stating, where a "government unit fails to enter an order 'expressly granting reconsideration' . . . within the time prescribed by these rules for seeking review," the government unit loses the power to act on the application). Consequently, the Board's March 27, 2019 order purporting to vacate its February 26, 2019 decision and order is a nullity, as is the resulting decision and order issued on April 15, 2019. *See* Pa.R.A.P. 1703(b)(3), Note (explaining if government unit fails to enter order expressly granting reconsideration, subdivision (a), stating government unit may not proceed further in matter, becomes operative); *Pa. Indus. Energy Coal. v. Pa. Pub. Util. Comm'n*, 653 A.2d 1336, 1346 (Pa. Cmwlth. 1995), *aff'd*, 670 A.2d 1152 (Pa. 1996) (citing Pa.R.A.P. 1701(b)(3)) (holding that "[w]ithout [a] timely, express grant of reconsideration, the [Public Utility Commission] lacked authority to issue the . . . order and we [were] without jurisdiction to review it"); *Schoff v. Richter*, 562 A.2d 912, 913 (Pa. Super. 1989) (citing Pa.R.A.P. 1701(b)(3), Note) (stating that "[i]t should be emphasized that [] Rule [1701(b)(3)] requires reconsideration to be expressly granted," such that "[f]ailure to 'expressly' grant reconsideration within the time set by the rules for filing an appeal will cause the trial court to lose its power to act on the application for reconsideration"). Consequently, Claimant's petition for review of the February 26, 2019 Board order is properly before us and is the decision and order we are reviewing.

Before this Court,[4] Claimant argues that the Board erred in finding that he voluntarily quit his job, as Employer in fact terminated him. Claimant's Brief at 2. Claimant therefore requests that this Court reverse the Board's decision. *Id.* Further, Claimant asserts that he was unable to defend himself or to provide his side of the story, because he moved to Florida to work as a teacher and did not receive notice of the first hearing until it was too late. Petition for Review at 1; Claimant's Brief at 1. Claimant states that he informed the unemployment agency and the referee of his move and his new address. Petition for Review at 1; Claimant's Brief at 1.

Initially, we note that despite having remanded the matter to the referee to specifically put at issue Section 402(b) of the Law, the Board refused in its February 26, 2019 decision to consider Claimant's testimony at the second hearing due to his failure to appear at the first hearing.[5] Board's Decision & Order 2/26/19 at 2, C.R. at 158. We find it is curious that the Board would remand the matter to make a record on an additional section of the Law, which had not been at issue at the first hearing, and then not consider the full record as it pertains to that additional section of the Law. However, the Board subsequently stated both in its order purportedly granting Claimant's request for reconsideration and its April 15, 2019 decision that it reopened the matter to consider the testimony offered at both

---

[4] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[5] We note that the Board's remand order did not state that the purpose of the remand included inquiry into the reason for Claimant's absence at the first hearing. *See* Board's Hearing Order 1/9/19, C.R. at 128; *see also* 34 Pa. Code § 101.105(a) (stating that where Board determines a further hearing is necessary, it shall give notice to the parties with specific instructions regarding, among other things, "specific issues to be covered at the hearing").

hearings. Board's Order 3/27/19; Board's Decision & Order 4/15/19 at 2, C.R. at 174. Although the Board's April 15, 2019 decision is a nullity, *see supra* discussion p. 5, we note that the Board, apparently recognizing its error, indeed considered Claimant's testimony from the remand hearing in the April 15, 2019 decision, citing Claimant's explanation for missing work and his statement regarding the phone call with Employer. *See* Board's Decision & Order 4/15/19 at 2, C.R. at 174.

Problematically, the February 26, 2019 decision and order which denied Claimant benefits, concluding that Claimant voluntarily quit his job, does not contain any findings of fact relative to Claimant's testimony at the second hearing, testimony which is properly part of the record before us and which addresses Claimant's position that he did not voluntarily quit. Without findings of fact relative to this testimony, this Court is precluded from conducting effective appellate review. *See Tri-State Sci. v. Unemployment Comp. Bd. of Review*, 589 A.2d 305, 308 (Pa. Cmwlth. 1991) (stating that "where factual issues which may be legally determinative of a [c]laimant's eligibility for unemployment compensation benefits are not addressed by the Board, it is not possible for this Court to perform its function of appellate review"); *see also Kirkwood v. Unemployment Comp. Bd. of Review*, 525 A.2d 841, 844 (Pa. Cmwlth. 1987) (vacating and remanding where absence of credibility determination precluded effective appellate review).

Accordingly, we vacate the Board's order and remand this matter to the Board to issue a new decision that considers the testimony offered at both the October 29, 2018 hearing and the January 28, 2019 remand hearing.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jasin Marth,                                :
                    Petitioner              :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :    No. 359 C.D. 2019
                    Respondent              :


O R D E R


            AND NOW, this 7th day of February, 2020, the February 26, 2019 order of the Unemployment Compensation Board of Review (Board) is VACATED, and this matter is REMANDED to the Board to issue a new decision that takes into account the testimony offered at both the October 29, 2018 hearing and the January 28, 2019 remand hearing.

            Jurisdiction relinquished.


                        _____
                        CHRISTINE FIZZANO CANNON, Judge